## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

JAMES MASSIE, individually and on behalf
of all others similarly situated,

        Plaintiffs,

    v.

POSTAL FLEET SERVICES, INC.,
THE STAGELINE COMPANY, and
VILANO EMPLOYMENT SERVICES, INC.,

and

DON DORRIS, LESLIE DORRIS, and
BRENDA DORRIS,

        Defendants.

Case No.: 3:21-cv-618

**JURY TRIAL DEMANDED**

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, JAMES MASSIE ("Mr. Massie" or "Named Plaintiff"), individually and on behalf of all others similarly situated (collectively "Plaintiffs"), by and through the undersigned counsel, hereby files this Collective and Class Action Complaint ("Complaint") against POSTAL FLEET SERVICES, INC. ("PFS"), THE STAGELINE COMPANY ("Stageline"), VILANO EMPLOYMENT SERVICES, INC. ("Vilano," and collectively with PFS and Stageline, referred to herein as "Corporate Defendants"), and DON DORRIS, LESLIE DORRIS, and BRENDA DORRIS ("Individual Defendants," and

collectively with the Corporate Defendants, referred to herein as "Defendants"), and allege violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101 *et seq.* ("PMWA"), and the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.* ("PWPCL"), as follows:

**PARTIES**

**A.**    **Named Plaintiff**

1.    Mr. Massie was employed as a Truck Driver for Defendants until in or about June 2021.  Mr. Massie is a resident of the Commonwealth of Pennsylvania, residing at 501 Ninth Street, New Cumberland, Cumberland County, Pennsylvania. Mr. Massie's Consent to Join the collective action aspect of this lawsuit is attached to the Complaint as Exhibit A.

2.    At all times relevant to this Complaint, Mr. Massie, and all those similarly situated were "employees" of Defendants for purposes of the FLSA, PMWA, and PWPCL, and were individual employees engaged in commerce as required by the FLSA, 29 U.S.C. §§ 206 and 207.

**B.**     **Corporate Defendants**

*Defendant Postal Fleet Services, Inc.*

3.     PFS is a corporation formed under the laws of the State of Delaware, with a corporate headquarters address of 2808 North Fifth Street, Suite 501, St. Augustine, St. Johns County, Florida.

4.     At all times relevant to this Complaint, PFS operated as a surface transportation provider for the United States Postal Service ("USPS") throughout several of the United States, including Florida and Pennsylvania.

5.     At all times relevant to this Complaint, PFS has been an employer within the meaning of the FLSA, PMWA, and/or the PWPCL.

6.     At all times relevant to this action, PFS acted as the employer of Mr. Massie.

7.     At all times relevant to this Complaint, PFS has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

8.     At all times relevant to this Complaint, PFS has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce.  29 U.S.C. § 203(s)(1).

9.     PFS has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.  29 U.S.C. § 203(s)(1).

3

*Defendant The Stageline Company*

10.    Stageline is a corporation formed under the laws of the State of Florida, with a corporate headquarters address of 2808 North Fifth Street, Suite 504, St. Augustine, St. Johns County, Florida.

11.    At all times relevant to this Complaint, Stageline, as part of PFS's corporate family, operated as a surface transportation provider for the United States Postal Service throughout several of the United States, including Florida and Pennsylvania.

12.    At all times relevant to this Complaint, Stageline has been an employer within the meaning of the FLSA, PMWA, and/or the PWPCL.

13.    At all times relevant to this action, Stageline acted as the employer of Mr. Massie.

14.    At all times relevant to this Complaint, Stageline has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

15.    At all times relevant to this Complaint, Stageline has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce.  29 U.S.C. § 203(s)(1).

16.    Stageline has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.  29 U.S.C. § 203(s)(1).

*Defendant Vilano Employment Services, Inc.*

17.    Vilano is a corporation formed under the laws of the State of Florida, with a corporate headquarters address of 2808 North Fifth Street, Suite 501, St. Augustine, St. Johns County, Florida.

18.    At all times relevant to this Complaint, Vilano, as part of PFS's corporate family, operated as a staffing and payroll service provider for commercial trucking companies, including PFS and Stageline.

19.    At all times relevant to this Complaint, Vilano has been an employer within the meaning of the FLSA, PMWA, and/or the PWPCL.

20.    At all times relevant to this action, Vilano acted as the employer of Mr. Massie.

21.    At all times relevant to this Complaint, Vilano has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

22.    At all times relevant to this Complaint, Vilano has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce.  29 U.S.C. § 203(s)(1).

23.    Vilano has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.  29 U.S.C. § 203(s)(1).

### C.     Individual Defendants

*Defendant Don Dorris*

24.     Don Dorris, upon information and belief, is the President of PFS, has an ownership interest in each of the Corporate Defendants, is employed or otherwise engaged in a managerial capacity with each of the Corporate Defendants, and is a resident of the State of Florida.

25.     At all times relevant to this Complaint, Don Dorris has been an employer within the meaning of the PMWA, and/or the PWPCL.

26.     At all times relevant to this action, Don Dorris acted as the employer of Mr. Massie.

*Defendant Leslie Dorris*

27.     Leslie Dorris, upon information and belief, is the President of both Stageline and Vilano, has an ownership interest in each of the Corporate Defendants, is employed or otherwise engaged in a managerial capacity with each of the Corporate Defendants, and is a resident of the State of Florida.

28.     At all times relevant to this Complaint, Leslie Dorris has been an employer within the meaning of the PMWA, and/or the PWPCL.

29.     At all times relevant to this action, Leslie Dorris acted as the employer of Mr. Massie.

*Defendant Brenda Dorris*

30.     Brenda Dorris, upon information and belief, is the Vice President of each of the Corporate Defendants, has an ownership interest in each of the Corporate Defendants, is employed or otherwise engaged in a managerial capacity with each of the Corporate Defendants, and is a resident of the State of Florida.

31.     At all times relevant to this Complaint, Brenda Dorris has been an employer within the meaning of the PMWA and/or the PWPCL.

32.     At all times relevant to this action, Brenda Dorris acted as the employer of Mr. Massie.

## JURISDICTION AND VENUE

33.     The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions.  Subject matter jurisdiction over Plaintiffs' claims arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

34.     The PMWA and PWPCL each provide for a private right of action to enforce their provisions.  This Court has jurisdiction over Pennsylvania state law claims pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1332(d).

35.     Venue is proper in this District pursuant to 28 U.S.C § 1391(b) and (c).  The unlawful employment practices complained of *infra* took place within this District and a substantial part of the events and omissions giving rise to Named

Plaintiff's claims occurred in this District.  Further, Defendants regularly transact substantial business within this District and are residents of this District.

## **BACKGROUND**

36.     Named Plaintiff and all other similarly situated Truck Drivers who work for Defendants were not paid the mandated federal and state minimum hourly wage during the limitations period.

37.     Plaintiffs were each hired by Defendants and contracted to work for Defendants in exchange for an hourly rate of pay.

38.     The FLSA and the PMWA, along with related federal and state regulations, require an employer to compensate its employees at least minimum wage for all hours worked during any pay period.

39.     Defendants forced its Truck Drivers to work specific pay periods without compensating them for any of the hours worked at their hourly rate of pay, thus refusing to pay these employees the mandated federal and state minimum wage.

40.     Specifically, Defendants informed their Truck Driver employees that since certain contracts were being terminated by the USPS, their jobs were being eliminated.

41.     Moreover, Defendants informed their Truck Drivers that in order to find work with a successor company to any of the USPS contracts, they must be actively employed with Defendants.

42.     However, once the USPS contracts were terminated and the Truck Drivers employment ended with Defendants, Defendants informed Named Plaintiff and their other former Truck Drivers via e-mail, on or about June 14, 2021, that due to the contracts being terminated, they would not have money to pay them at all for any of the hours they worked during their final pay period with Defendants.

43.     As a result, Defendants exerted their influence and coercion to keep Named Plaintiff and their other former Truck Drivers in their employ with the intention of requiring them to work without compensation at their hourly rate of pay for these hours worked.

44.     Defendants knew and were aware of their violations of the applicable laws regarding their obligation to pay the mandated federal and state minimum wage.  As such, Defendants' violations of the applicable laws are willful and malicious.

## **JOINT-EMPLOYMENT ALLEGATIONS**

45.     At all relevant times, PFS and its corporate family operated closely and associated with one another to own, operate and manage each of the Corporate Defendants.

46.     At all relevant times, PFS and its corporate family has been organized and operated in a consolidated way so that it can effectively provide consistent surface transportation and related services throughout the United States, including Florida and Pennsylvania.

47.     PFS and its corporate family, although created as separate legal entities, are indistinguishable from one another as a consolidated surface transportation enterprise jointly responsible for the day-to-day operations of thousands of motor carriers and their cargo.

48.     This consolidated operation includes, but is not limited to, common policies and systems with regard to its employment practices such as job descriptions and classifications, hiring, promotions and termination, setting salaries, rates of pay, and other compensation decisions, timekeeping and payroll data collection, and issuing payroll checks.

49.     This consolidated operation is located in St Augustine, Florida, where each entity of the corporate family shares a single location for each of its corporate headquarters.

50.     Similarly, the corporate executives of PFS and its corporate family are intertwined and overlap to further ensure the consistency required and necessary to operate its surface transportation enterprise.

51.     At all times relevant to this complaint, PFS and its corporate family jointly employed Named Plaintiff and the similarly situated employees evidenced by their shared involvement in the terms of their employment and compensation.

52.     At all relevant times, PFS and its corporate family operated as a single entity for purposes of the wage and hour allegations set forth herein, having the effect that the unlawful conduct of each entity in PFS's corporate family is imputed to the other, therefore satisfying the applicable standards of joint employers within the meaning of the FLSA and PMWA.

53.     At all relevant times, PFS and its corporate family consolidated their decision-making with regard to the wage and hour allegations set forth herein, and collectively controlled and implemented policies that resulted in a failure to pay wages in violation of the FLSA, PMWA, and PWPCL.

54.     Accordingly, PFS and its corporate family engaged in joint employment practices with regard to Named Plaintiff and similarly situated employees.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

55.     Defendants have engaged in systemic wage and hour violations against their Truck Driver employees.  Defendants have caused, contributed to, and perpetuated unpaid wages through common policies, practices, and procedures,

including but not limited to common compensation and centralized decision-making.

56.     Named Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs alleging common policies, practices, and procedures resulting in unpaid wages earned by Truck Drivers employed to drive Defendants' motor carriers and cargo.

57.     Named Plaintiff brings Count I for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all members of the FLSA Collective Action Class ("FLSA Collective Action Class).   The FLSA Collective Action Class is defined as follows:

> All individuals who are or have been employed by Defendants as a Truck Driver from three (3) years prior to the filing date of this Complaint up until this FLSA Collective Action Class is finally certified by the Court who have worked without being paid compensation of, at least, the federal minimum wage during any pay period.

58.     Named Plaintiff seeks to represent all Truck Drivers, as described above, on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to accurately record, and pay the federal minimum wage for all hours worked.   Defendants willfully violated the FLSA through their failure to properly pay the Named Plaintiff and FLSA Collective Action Class the federal minimum wage for all of the hours they have worked.   Specifically, Defendants forced the Named Plaintiff and FLSA Collective Action Class to work their paid

shift(s) without pay.  Defendants knew and have been aware at all times that the Named Plaintiff and FLSA Collective Action Class were being required to work their paid shift(s), and yet failed to pay them compensation of, at least, the legally mandated federal minimum wage for these hours worked.

59.     The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

60.     Questions of law and fact common to the Named Plaintiff and FLSA Collective Action Class include but are not limited to the following:

    a.  Whether Defendants unlawfully failed to pay Truck Drivers compensation of, at least, the legally mandated federal minimum wage for all hours worked;

    b.  Whether Defendants' policy, practice, or procedure of failing to compensate Truck Drivers of, at least, the legally mandated federal minimum wage for all hours worked violates the applicable provisions of the FLSA; and

    c.   Whether Defendants' failure to compensate Truck Drivers of, at least, the legally mandated federal minimum wage for all hours worked was willful within the meaning of the FLSA.

61.     Named Plaintiff's FLSA claims may be maintained as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) because Named Plaintiff is similarly situated to the other Truck Driver employees described in the FLSA Collective Action Class.  Named Plaintiff's claims are similar to the claims asserted by the FLSA Collective Action Class.

62.     Named Plaintiff and the FLSA Collective Action Class are (a) similarly situated; and (b) are subject to Defendants' common compensation policies, practices and procedures and centralized decision-making resulting in unpaid wages, of at least, the mandated federal minimum wage for all work performed.

**CLASS ACTION ALLEGATIONS UNDER THE PMWA AND PWPCL**

63.     Named Plaintiff brings Count II for violations of the PMWA and Count III for violations of the PWPCL as a class action pursuant to Fed. R. Civ. P. 23 on behalf of all members of the Pennsylvania Class (the "Pennsylvania Class"). The Pennsylvania Class is defined as follows:

> All individuals who are or have been employed by Defendants as a Truck Driver in the Commonwealth of Pennsylvania from three (3) years prior to the filing date of this Complaint up until this Pennsylvania Class is finally certified by the Court, who have worked without being paid compensation of, at least, the state minimum wage during any pay period.

64.     Named Plaintiff seeks to represent all Truck Drivers who worked in the Commonwealth of Pennsylvania, as described above, on a class basis

challenging, among other PMWA and PWPCL violations, Defendants' practice of failing to accurately record, and pay the state minimum wage for all hours worked. Defendants willfully violated the PMWA and PWPCL through their failure to properly pay Named Plaintiff and the Pennsylvania Class the state minimum wage and their agreed-upon hourly rate for all the hours they have worked.   Specifically, Defendants forced Named Plaintiff and the Pennsylvania Class to work their paid shift(s) without pay.  Defendants knew and have been aware at all times that Named Plaintiff and the Pennsylvania Class were being required to work their paid shift(s), and yet failed to pay them compensation of, at least, the legally mandated state minimum wage for these hours worked.

65.    The Pennsylvania Class, upon information and belief, consists of close to a hundred individuals, and is thus so numerous that joinder of all members is impracticable.

66.    Furthermore, members of the Pennsylvania Class seeking similar employment within the surface transportation industry, specifically with companies providing services to the USPS, may be reluctant to raise individual claims for fear of retaliation.

67.    There are questions of law and fact which are not only common to the Pennsylvania Class, but which predominate over any questions affecting only

individual members of the Pennsylvania Class. The predominating common questions include, but are not limited to:

    a. Did Defendants unlawfully fail to pay Truck Drivers compensation of, at least, the legally mandated state minimum wage for all hours worked;

    b. Did Defendants' failure to pay Truck Drivers compensation of, at least, the legally mandated state minimum wage for all hours worked violate the PMWA;

    c. Did Defendants act willfully, intentionally, and maliciously in failing to pay compensation of, at least, the legally mandated state minimum wage for all hours worked;

    d. Did Defendants' failure to timely and fully pay employees all wages owed violate the PWPCL; and

    e. Did Defendants' failure to pay employees all wages owed upon termination violate the PWPCL.

68. The prosecution of separate actions by individual members of the Pennsylvania Class would create a risk of establishing incompatible standards of conduct for Defendants, within the meaning of Fed. R. Civ. P. 23 (b)(1)(A).

69. The claims of Named Plaintiff are typical of the claims of each member of the Pennsylvania Class, within the meaning of Fed. R. Civ. P. 23(a)(3),

and are based on and arise out of identical facts constituting the wrongful conduct of Defendants.

70.     Named Plaintiff will fairly and adequately protect the interests of the Pennsylvania Class.  Named Plaintiff has retained counsel experienced and competent in class actions and complex employment litigation.

71.     Named Plaintiff has no conflict of interest with the Pennsylvania Class.

72.     Named Plaintiff is able to represent and protect the interest of the Pennsylvania Class members fairly and adequately.

73.     The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Pennsylvania Class, and a class action is the superior method for fair and efficient adjudication of the controversy, within the meaning of Fed. R. Civ. P. 23(b)(3).  The likelihood that individual members of the Pennsylvania Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

74.     There are no unusual difficulties in the management of this case as a class action.

75.     The books and records of Defendants are material to Named Plaintiff's case as they disclose the rate of pay, hours worked, and wages paid to members of the Pennsylvania Class.

## COUNT I

**(INDIVIDUAL AND COLLECTIVE ACTION CLAIMS)**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938 ("FAIR LABOR STANDARDS ACT"), 29 U.S.C. §§ 201, *ET SEQ*.**
**FAILURE TO PAY FEDERAL MINIMUM WAGE**
**(Named Plaintiff and FLSA Collective Action Class v. Corporate Defendants)**

76.     Named Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

77.     At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

78.     Plaintiff, and others similarly situated, were "employees" covered by the FLSA, and Defendants were collectively and individually their "employer." Defendants, as Plaintiffs' employer, were and are obligated to pay Plaintiffs, and others similarly situated, an hourly wage at least equal to that of the Federal minimum wage, $7.25 per hour ("Federal Minimum Wage").

79.     As set forth above, Defendants forced their Truck Drivers to work specific pay periods without compensating them for any of the hours worked at their hourly rate of pay, thus refusing to pay these employees the mandated Federal Minimum Wage of $7.25.

80.     The FLSA, along with related federal regulations, require an employer to compensate its employees at least minimum wage, currently $7.25 per hour, for all hours worked during any pay period.

81.     Based on Defendants' violations of the minimum wage provisions of the FLSA and related regulations, Defendants paid Named Plaintiff and others similarly situated substantially below the Federal Minimum Wage for certain hours worked.  Defendants' failure and refusal to pay Plaintiffs the Federal Minimum Wage for all hours worked violates, *inter alia*, 29 U.S.C. §§ 206(a) and 215(a)(2). Unpaid wages are, therefore, due and owing to Named Plaintiff and others similarly situated in an amount to conform with the Federal Minimum Wage for all hours worked.

82.     Defendants' failure and refusal to pay the Federal Minimum Wage was willful and malicious.

## **PRAYER FOR RELIEF ON COUNT I**

WHEREFORE, Named Plaintiff, JAMES MASSIE, individually and on behalf of all others similarly situated, and all those opting into this lawsuit, respectfully requests that this Honorable Court enter Judgment in their favor and against Defendants, POSTAL FLEET SERVICES, INC., THE STAGELINE COMPANY, and VILANO EMPLOYMENT SERVICES, INC., jointly and severally, as follows:

A. Designate this action as a collective action and class action on behalf of the proposed FLSA Collective Action Class and

    a. Promptly issue notice pursuant to 29 U.S.C § 216(b) to all similarly-situated members of the FLSA Collective Action Class, which (a) apprises them of the pendency of this action, and (b) permits them to assert timely Fair Labor Standards Act claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b); and

    b. Toll the statute of limitations on the claims of all members of the FLSA Collective Action Class from the date the original complaint was filed until the members of the FLSA Collective Action Class are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their rights to opt in as Plaintiffs;

B. Designate Named Plaintiff, Mr. Massie, as the representative of the FLSA Collective Action Class;

C. Designate Named Plaintiff's chosen counsel as counsel for the FLSA Collective Action Class;

D. Declare and adjudge that Defendants' employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the Fair Labor Standards Act;

E. Award back pay to Named Plaintiff and the members of the FLSA Collective Action Class, including a sum to compensate Named Plaintiff and the members of the FLSA Collective Action Class for any increased tax liability on a lump-sum award of back pay;

F. Award liquidated damages to Named Plaintiff and the members of the FLSA Collective Action Class in the maximum amount available under the Fair Labor Standards Act;

G. Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiff and the members of the FLSA Collective Action Class;

H.    Award Named Plaintiff and the members of the FLSA Collective Action Class pre-judgment and post-judgment interest available under the Fair Labor Standards Act;

I.    Award Named Plaintiff and the members of the FLSA Collective Action Class any other appropriate equitable relief; and

J.    Award any additional relief that this Court deems just and proper.

## COUNT II

### (INDIVIDUAL AND CLASS ACTION CLAIMS)

**VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT OF 1968, 43 P.S. §§ 333.101, *ET SEQ.***
**FAILURE TO PAY MINIMUM PENNSYLVANIA MINIMUM WAGE**
**(Named Plaintiff and Pennsylvania Class v. All Defendants)**

83.    Named Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

84.    Named Plaintiff and the members of the Pennsylvania Class were "employees" and Defendants were each an "employer" covered by the PMWA. Pursuant to the minimum wage provisions of the PMWA, Defendants were and are obligated to pay Named Plaintiff and members of the Pennsylvania Class an hourly wage at least equal to that required by the PMWA, $7.25 per hour ("Pennsylvania Minimum Wage").  43 Pa.C.S. § 333.104(a.1).

85.    As set forth above, Defendants, by their conduct, forced their Truck Drivers to work specific pay periods without compensating them for any of the

hours worked at their hourly rate of pay, thus refusing to pay these employees the mandated state minimum wage of $7.25.

86.     Thus, Defendants have paid Named Plaintiff and the Pennsylvania Class members substantially below the Pennsylvania Minimum Wage for certain hours worked.  Defendants' failures and refusals to pay Named Plaintiff and the Pennsylvania Class members the Pennsylvania Minimum Wage for all hours worked violates the PMWA.   43 Pa.C.S. § 333.104(a).   Unpaid wages are, therefore, due and owing to Named Plaintiff and the Pennsylvania Class members.

87.     Defendants' failure and refusal to pay the Pennsylvania Minimum Wage was willful, intentional, and not in good faith.

## **PRAYER FOR RELIEF ON COUNT II**

WHEREFORE, Named Plaintiff, JAMES MASSIE, individually and on behalf of all others similarly situated, and all those opting into this lawsuit who worked for Defendants within the Commonwealth of Pennsylvania, respectfully request that this Honorable Court enter Judgment in their favor and against Defendants, POSTAL FLEET SERVICES, INC., THE STAGELINE COMPANY, VILANO EMPLOYMENT SERVICES, INC., DON DORRIS, LESLIE DORRIS, and BRENDA DORRIS, jointly and severally, as follows:

A.     Designate this action as a class action on behalf of the proposed Pennsylvania Class;

22

B.      Designate Named Plaintiff, Mr. Massie, as representative of the Pennsylvania Class;

C.      Designate Named Plaintiff's chosen counsel as counsel for the Pennsylvania Class;

D.      Declare and adjudge that Defendants' employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the Pennsylvania Minimum Wage Act;

E.      Award back pay to Named Plaintiff and the members of the Pennsylvania Class, including a sum to compensate Named Plaintiff and the members of the Pennsylvania Class for any increased tax liability on a lump-sum award of back pay;

F.      Award liquidated damages to Named Plaintiff and the members of the Pennsylvania Class in the maximum amount available under the Pennsylvania Minimum Wage Act;

G.      Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiff and the members of the Pennsylvania Class;

H.      Award Named Plaintiff and the members of the Pennsylvania Class pre-judgment and post-judgment interest available under the Pennsylvania Wage Payment and Collection Law;

I.      Award Named Plaintiff and the members of the Pennsylvania Class any other appropriate equitable relief; and

J.      Award any additional relief that this Court deems just and proper.

## COUNT III

### (INDIVIDUAL AND CLASS ACTION CLAIMS)

**VIOLATION OF THE PENNSYLVANIA WAGE PAYMENT AND
COLLECTION LAW, 43 P.S. §§ 260.1, *ET SEQ.*
FAILURE TO PAY WAGES
(Named Plaintiff and Pennsylvania Class v. All Defendants)**

88.    Named Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

89.    Defendants are each an "employer" as that term is defined under the PWPCL, and are thereby subject to liability for wages, liquidated damages and reasonable attorneys' fees for non-payment of salary and/or wages under the PWPCL, 43 Pa.C.S. § 260.1, *et seq*.

90.    Individual Defendants are each an "employer" under the PWPCL because each of the Individual Defendants had control over Defendants' pay policies and participated in the decision to fail to pay Plaintiffs in accordance with the requirements of the PWPCL.

91.    Named Plaintiff and members of the Pennsylvania Class are entitled to be paid their regular hourly rate of pay for all hours worked, and no less than the mandated federal and state minimum wage of at least $7.25 for all hours worked during any pay period, as provided for pursuant to both the FLSA and PMWA.

92.    Defendants have failed to pay Named Plaintiff and members of the Pennsylvania Class their regular hourly rate of pay, as well as the mandated federal

and state minimum wage of at least $7.25, for all hours worked during every pay period, in violation of the FLSA and PMWA.  Defendants have, therefore, failed to regularly pay Named Plaintiff and members of the Pennsylvania Class for all earned wages from the date they were first employed, through and including the present, in violation of the PWPCL.

93.    Accordingly, wages are due and owing to Named Plaintiff and members of the Pennsylvania Class pursuant to Section 260.3(a) of the PWPCL.

94.    Defendants further violated the PWPCL through their failure to pay the Named Plaintiff and members of the Pennsylvania Class at their regular rate of pay for all wages due for work they performed prior to their termination of employment pursuant to Section 260.5(a) of the PWPCL.

95.    Defendants further violated the PWPCL by failing to record and pay for all hours worked, including but not limited paying wages of at least the mandated federal and minimum wage for all hours worked.  In the course of perpetrating these unlawful practices, Defendants also willfully failed to keep accurate records of all hours worked by their employees.

96.    The total amount due to Named Plaintiff and members of the Pennsylvania Class by Defendants constitutes wages under Section 260.2a. of the PWPCL, and failure to pay the amount due constitutes a violation of the PWPCL.

97.     In accordance with Section 260.10 of the PWPCL, by reason of Defendants' actions, Named Plaintiff and members of the Pennsylvania Class are entitled to liquidated damages in an amount equal to the greater of five hundred dollars ($500.00) or twenty-five percent (25%) of the wages due, in addition to all wages due beyond thirty (30) days past Plaintiffs' regularly scheduled pay day.

98.     In accordance with Section 260.9a of the PWPCL, by reason of Defendants' actions, Named Plaintiff and members of the Pennsylvania Class are entitled to reasonable attorneys' fees associated with this action.

99.     The wages withheld from Named Plaintiff and members of the Pennsylvania Class were not the result of any bona fide dispute.

100.    Named Plaintiff and the Pennsylvania Class are entitled to all legal and equitable remedies available for violations of the PWPCL, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the PWPCL.

## PRAYER FOR RELIEF ON COUNT III

WHEREFORE, Named Plaintiff, JAMES MASSIE, individually and on behalf of all others similarly situated, and all those opting into this lawsuit, respectfully request that this Honorable Court enter Judgment in their favor and against Defendants, POSTAL FLEET SERVICES, INC., THE STAGELINE

COMPANY, VILANO EMPLOYMENT SERVICES, INC., DON DORRIS, LESLIE DORRIS, and BRENDA DORRIS, jointly and severally, as follows:

A.   Designate this action as a class action on behalf of the proposed Pennsylvania Class;

B.   Designate Named Plaintiff, Mr. Massie, as the representative of the Pennsylvania Class;

C.   Designate Named Plaintiff's chosen counsel as counsel for the Pennsylvania Class;

D.   Declare and adjudge that Defendants' employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the Pennsylvania Wage Payment and Collection Law;

E.   Award back pay to Named Plaintiff and the members of the Pennsylvania Class, including a sum to compensate Named Plaintiff and the members of the Pennsylvania Class for any increased tax liability on a lump-sum award of back pay;

F.   Award liquidated damages to Named Plaintiff and the members of the Pennsylvania Class in the maximum amount available under the Pennsylvania Wage Payment and Collection Law;

G.   Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiff and the members of the Pennsylvania Class;

H.   Award Named Plaintiff and the members of the Pennsylvania Class pre-judgment and post-judgment interest available under the Pennsylvania Wage Payment and Collection Law;

I.   Award Named Plaintiff and the members of the Pennsylvania Class any other appropriate equitable relief; and

J.   Award any additional relief that this Court deems just and proper.

## <u>JURY DEMAND</u>

Named Plaintiff and all members of the FLSA Collective Action Class and Pennsylvania Class demand a trial by jury on all issues triable to a jury as a matter of right.

Dated: June 21, 201                              Respectfully submitted,

**GORDON & PARTNERS, P.A.**


*/s/ Mark R. Hanson*
Mark R. Hanson, FL 621651
4114 Northlake Blvd.
Palm Beach Gardens, FL 33420
(561) 799-5070


**WEISBERG CUMMINGS, P.C.**

Derrek W. Cummings, PA. 83286
Larry A. Weisberg, PA 83410
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
 (717) 238-5707

*Counsel for Plaintiffs*