**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMES MASSIE, individually and on behalf
of all others similarly situated,

        Plaintiffs,

v.                          Case No. 3:21-CV-618-MMH-PDB

POSTAL FLEET SERVICES, INC.,
THE STAGELINE COMPANY,
VILANO EMPLOYMENT SERVICES, INC.,
DON DORRIS, LESLIE DORRIS, and
BRENDA DORRIS,

        Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS THE AMENDED**
**COMPLAINT OR ALTERNATIVELY**
**MOTION FOR MORE DEFINITE STATEMENT**
**AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendants Postal Fleet Services, Inc, The Stageline Company, Vilano Employment Services, Inc, Don Dorris (a/k/a Leslie Dorris) and Brenda Dorris (collectively "Defendants"), by and through their undersigned counsel, and pursuant to Rules 12(b)(1) and (6) Fed.R.Civ.P. move for a dismissal of the Amended Complaint (doc. 57) (hereinafter "Complaint") or alternatively moves for a More Definite Statement under Rule 12(e), Fed.R. Civ. P. and as grounds therefore state:

**I. DISMISSAL**

**A. Background**

1

The first complaint (doc 1) consisting of 28 pages was filed on June 21, 2021 and on June 29 this Court *sue sponte* struck the complaint as an impermissible shotgun pleading (doc 19). A second 28 pages complaint was filed on June 29 (doc 20) which contained one named Plaintiff and 3 Counts alleging a violation of the FLSA, the Pennsylvania Minimum Wage Act, and Pennsylvania Wage Payment and Collection Law. On August 30 the three Corporate Defendants timely filed their Answer and Affirmative Defenses (doc 51) to the June 29 complaint.[1]

On September 17 Plaintiffs filed the Amended Complaint at issue in this Motion (doc 57).  Hereinafter for the remainder of this Motion the Amended Complaint (doc 57) filed on September 17 will be referred to as the "Complaint." The Complaint consists of 216 pages and 659 numbered paragraphs encompassing 36 Counts against three separate corporations - Postal Fleet Services("PFS"), The Stageline Company ('Stageline"), Vilano Employment Services, Inc. ("Vilano") (collectively "Corporate Defendants"), and individuals Don Dorris (a/k/a Leslie Dorris) and Brenda Dorris and adds 20 more "named" Plaintiffs ("Plaintiffs"). Plaintiffs did not identify with particularity which of the three corporate Defendants employed Plaintiffs, but instead lumps them altogether in a failed attempt to claim a joint employer relationship.

Count I of the Complaint alleges that all the Defendants violated the Fair Labor Standards Act of 1938 ("FLSA"') by allegedly failing to pay the minimum wage to the 21 Plaintiffs and various other allegedly similarly situated individuals. Count I seeks a

---

[1] Defendants Don Dorrris and Brenda Dorris' Answer to the June 29 complaint was not due until October 22 (doc.50).

corporate-wide collective action against all Defendants under the FLSA.

The Complaint also seeks recovery of alleged unpaid wages in Rule 23, Fed.R.Civ.P. class actions under various pendent state law breach of contract claims, statutory wage claims, and state wage collection laws covering 21 states. The breach of contract Counts allege Defendants entered a contract for the payment of wages and breached the contract, or alternatively allege in the same Count that Defendants owe the Named Plaintiffs and various statewide classes unpaid wages on the theory of *quantum meruit* or unjust enrichment. See Counts VIII (Mississippi), IX (Tennessee), XII (Louisiana), XIV (Michigan), XV (Texas), XIX (Missouri), XXI (Georgia), XXII (Alabama), XXV (Vermont). The remaining Counts – II through VII, X, XI, XIII, XVI through XVIII,  XX,  XXIII, XXIV, XXVI through XXXVI - seek damages for the alleged non-payment of wages which allegedly violate various state law wage payment or wage collection statutes involving 16 different states.

The allegations regarding non-payment of wages fails to identify a specific time period and runs the gamut seeking a class of drivers who purportedly provided services to  all "Defendants" anywhere between 3 years and up to 6 years (in certain states) before the filing of this lawsuit,  including: "during the limitations period", certain "specific pay period" (without identifying the pay period), "for any pay period", "certain hours worked", "during the relevant time" (without defining "relevant time"), or "during every pay period … from the date they were first employed." All 36 Counts of the Complaint are brought against all the Defendants. Defendants' response to the Complaint is due on October 15, 2021 (doc 61).

**B. Legal Standard**

Rule 8(a)(2), Fed.R.Civ.P. requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); see *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6), Fed.R.Civ.P. which requests dismissal for failure to state a claim upon which relief can be granted.

When reviewing a motion under Rule 12(b)(6), a court, generally must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance,* 304 F.3d 1 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC,* 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555; *see Iqbal,*

4

556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office,* 449 F.3d 1342, 1352 (11th Cir. 2006).

### C. The Complaint Does Not Comply with Rule 15(a)(2)

Rule 15(a)(1), Fed.R.Civ. P. allows for certain amendments to a pleading **once** as a matter of course. Under Rule 15(a)(2) other amendments to a pleading may be allowed "only with the opposing party's written consent or the court's leave." The Complaint was filed without leave of court and without Defendants' consent. The Complaint was technically the third version (doc 1, doc 20, and doc 57) of the complaint that has been filed with this Court and is technically a Second Amended Complaint, not "Amended Complaint" and as such should be dismissed for failure to comply with Rule 15(a)(2), Fed.R.Civ.P.

### D. The Complaint Fails to State a Claim for Relief Under FLSA
### 1. Introduction

To establish a *prima facie* case of liability for unpaid wages under the FLSA, a plaintiff must demonstrate that (1) the defendant employed them; (2) the defendant is an enterprise engaged in interstate commerce covered by the FLSA or the plaintiff is otherwise covered by the FLSA; (3) the plaintiff worked and was not paid and (4) the defendant failed to pay wages as required by law. *Hines v. Detail Dynamics, Inc.,* No. 6:09-cv-1116-Orl-28DAB, 2011 WL 4447753, at *2 (M.D. Fla. Oct. 5, 2010) (citing *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)). The plaintiff must show "'as a matter of just and reasonable inference' the amount and extent of [her] work in order to demonstrate that [s]he was inadequately compensated

under the FLSA." *Ekokotu v. Fed. Express Corp.,* 408 F. App'x 331, 340 (11th Cir. 2011) *(quoting Caro-Galvan v. Curtis Richardson, Inc.,* 993 F.2d 1500, 1513 (11th Cir. 1993)). *See also,* Freeman v. Key Largo Volunteer Fire & Rescue Dep't Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) *(citing Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233,1277 n.68 (11th Cir. 2008)); *Castillo v. Groundlevel Inc.,* No. 8:13-cv-01585-T-27-TCW, 2013 WL 5499611 (M.D. Fla. Oct. 1, 2013).

### 2. Plaintiffs Have Failed to State a Claim Against the Individual Defendants

Plaintiffs allege that Individual Defendants Don Dorris and Brenda Dorris have an ownership interest in the corporate Defendants and "engaged in a managerial capacity with each of the corporate Defendants."¶ 44, 47.  The Complaint does not provide any facts as to the nature of any "managerial capacity" as it relates to Don and Brenda Dorris,  does not allege that they were engaged in any direct decisions affecting any of the Plaintiffs, and does not allege any involvement in day-to-day operational decisions.

In *Attai vv. Delivery Dudes, LLC,* No. 15-civ-62522-Bloom/Valle, 2016 U.S. Dist. LEXIS 27298 (S.D. Fla. 2016) the court dismissed an FLSA complaint against individual defendants when the plaintiff alleged that the individual defendants were owners and managers of the corporate defendants but failed to elaborate on their authority or involvement to oversee day-to-day operations, noting that the allegation was conclusory and unsupported by any factual allegations.  Similarly in *Patel v. Wargo,* 803 F.2d 632, 638 (11th Cir. 1986), the court concluded that the president and principal shareholder was not an employer because "[t]o be personally liable, an officer must

either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *See Schainberg v. Urological Consultants of South Florida,* No. 12-21721, 2021 WL 3062292 (S.D. Fla. July 26, 2012) (conclusory allegations reciting the FLSA without supporting factual details insufficient to establish coverage under the FLSA and liability for individual defendants); *Bailey v. Cooper et al,.* No. 10-8159-civ-Marra (S.D. Fla March 2, 2011) *(*dismissal granted when insufficient facts to establish employee or employer status under FLSA). The Complaint herein fails to allege how the Individual Defendants may be held liable as "employers" under the FLSA or under state law and should be dismissed for failure to state a claim.

### 3. Plaintiffs Have Failed to State a Claim Against All Defendants

For coverage under the FLSA, plaintiffs must establish that they individually engaged in commerce, or they were employed by an enterprise engaged in commerce. *Freeman v. Key Largo Volunteer Fire & Rescue Dep't Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012); *Castillo v. Groundlevel Inc.,* No. 8:13-cv-01585-T-27-TCW, 2013 WL 5499611 (M.D. Fla. Oct. 1, 2013). Plaintiffs herein have failed to allege sufficient facts to establish that the Plaintiffs are covered under the FLSA under enterprise or individual coverage.

The Complaint alleges PFS, Stageline and Vilano "has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning if the FLSA because it has engaged employees in commerce." (¶ 28, 35, 42) e*mphasis added*. Plaintiffs' allegation of "enterprise" coverage is expressly premised on engaging employees in commerce. The Complaint is devoid of any allegations that the Plaintiffs

were engaged in interstate commerce or that the Defendants had other individuals engaged in interstate commerce. While Plaintiffs allege that they were "truck drivers" for Defendants (including Vilano the staffing/payroll company) they do not specify whether they crossed state lines, the type of goods they handled, whether they performed work on the USPS contracts, or any other facts to establish that they engaged in interstate commerce. Because Plaintiffs did not plead any facts to support they "engaged in commerce", their allegations regarding FLSA coverage is lacking. See *Castillo v. Groundlevel Inc.*, No. 8:13-cv-01585-T-27-TCW, 2013 WL 5499611 (M.D. Fla. Oct. 1, 2013).  (FLSA claims dismissed because plaintiffs fail to allege any facts supporting the employer or the plaintiffs were involved in interstate commerce), *Peralta v. Greco International Corp,* No. 11-22224-civ-Altonaga/Simonton, 2011 WL 5178274 (S.D. Fla. Oct. 31, 2011) (amended complaint dismissed when FLSA coverage allegations were conclusory and lacking factual support). General legal allegations that merely recite that the Defendants "are an enterprise engaged in commerce" are insufficient and must be supported by factual allegations. See *Rodriquez v. Carrot Express*, no. 19-CV-24931-Bloom/Louis (S.D. Fla. Dec. 30, 2019) (dismissal granted when insufficient allegations to show jurisdiction or the connection between Plaintiff and all the Defendants); *Burge v. Kings Realty Group*,  No. 8:12-cv-1172-T-33TGW, 2012 WL 4356815 (M.D. Fla. Sept.24, 2012)(mere recitation of statutory language without factual support warrants dismissal of FLSA claim); *Schainberg v. Urological Consultants of South Florida,* no. 12-civ-21721-Altonaga/Simonton, 2012 WL 3062292 (S.D. Fla. July 26, 2012)(conclusory allegations reciting FLSA without

supporting factual details insufficient to establish coverage under the FLSA and liability for individual defendants ); *Bailey v. Cooper et al,.* No. 10-8159-CIV-Marra (S.D. Fla. March 2, 2011) (dismissal granted when insufficient facts to establish employee or employer status under FLSA).

For the foregoing reasons and caselaw, Plaintiffs FLSA claims fail to state a claim for relief and must be dismissed.

### 4. Plaintiffs Allegations Regarding Joint Employer Status are Insufficient to State a Claim for Relief or too Vague in Which to Formulate a Response

Paragraphs 65 through 74 of the Complaint (Joint Employment Allegations) lumps all Corporate Defendants into one "corporate family", but lacks a definition for "corporate family", although Stageline and Vilano are alleged in other sections to be part of the "corporate family." (¶31, 38). The allegations in the Joint Employment section repeatedly refer to the "corporate family" as a "consolidated surface transportation enterprise" (¶ 66, 67, 70), yet Vilano is described as "a staffing and payroll service provider." ¶38   It does not appear that Individual Defendants (Don and Brenda Dorris) have expressly been named part of the "corporate family."  Since the Joint Employment Allegations refer to surface transportation services, there is certainly confusion as to whether Plaintiffs are claiming Vilano is part of the "single entity" or a "joint employer" in the allegations in paragraphs 65 through 74.

Plaintiffs lump all Defendants together as their alleged "employer" but never state with specificity which Defendants for whom they worked and  fail to expressly allege that they actually drove for Stageline and PFS, relying solely on their failed joint

employment theory.  Although they used the legal term "employed by" in an attempt to establish FLSA and state law coverage they never articulate how they were employees – the specific Defendant(s) for whom they actually performed services, the nature of the operational control any specific Defendant had over the Plaintiffs assignments and pay, or any economic benefits that Stageline may have provided PFS and vice versa.  The mere fact that the operations were similar does not mean that a driver who drove for Stageline also drove for Postal Fleet Services, or that the payroll company was also their employer.  The company (either PFS or Stageline) that controls the day-to-day operations of a worker may be jointly responsible for wages. However, a separate company (such as Stageline in relation to PFS or vice versa) is not also responsible for wages unless the individual provided services for both companies which is known as "horizontal" joint employment under case law.

The allegations in the Joint Employment section are so vague and confusing they fail to allege sufficient facts to establish a Joint Employment relationship as to Defendants and make it impossible for Defendants to formulate a response.  These are fatal flaws to the Complaint as all Counts of the Complaint are generically asserted against all Defendants using the Joint Employment allegations as a linchpin.

### E.  The State Breach of Contract Claims and State Wage Claims Fail Due to FLSA Preemption

Although the FLSA acknowledges that state wage claims are not foreclosed if they afford Plaintiffs greater rights than those afforded under the FLSA, those state laws or claims that provide remedies equal to or less than that afforded by the FLSA

are pre-empted by the FLSA. 29 USC §218(a).  Counts II, VI, XX, XXIII, XXX, XXXIV, and XXXV, allege violation of laws under the state of Pennsylvania, Kentucky, Georgia, South Carolina, New Hampshire, Kansas, and Iowa respectively. All these state laws require the payment of a state minimum wage of $7.25, the same as the FLSA minimum wage and grants a maximum in liquidated damages equivalent to the damages afforded under the FLSA and should be pre-empted by the FLSA. 29 USC §206.

Moreover, the breach of contract Counts VIII, IX, XII, XXII, in states where there is no separate minimum wage law should be dismissed on the doctrine of preemption. See *Pirowskin v. Atlantic & Pacific Assoc. Management,* No. 20-cv-21380 Bloom/Louis (S.D. Fla. May 11,2020) (unpaid wages based on breach of agreement and *quantum meriut* dismissed as preempted by FLSA); Bule *v. Garda CLSE, Inc.*, No. 14-21898 civ Moreno, 2014 WL 3501546 (S.D. Fla. July 14, 2014) (FLSA pre-empts claims for breach of contract, *quantum meruit* and unjust enrichment).

### F. The Court Lacks Subject Matter Jurisdiction over the State Law Claims

When a plaintiff files suit in federal court, he must allege facts that, if true, show federal subject matter jurisdiction over the case exists. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (citing *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The jurisdiction of this Court is based on federal question as to the Count I FLSA claim citing 28 USC §1331. ¶53 The state law claims in Counts II – XXXVI are

based on supplemental jurisdiction citing 28 USC §1367 and diversity jurisdiction citing 28 USC §1332(d). Regarding supplemental jurisdiction, this Court may exercise supplemental jurisdiction over the state law claims (Counts II through XXXVI) under 28 USC §1367 when the federal question (FLSA) claim remains viable.  Once the FLSA claim in Count I is dismissed for the reason noted herein, supplemental jurisdiction over the state law claims fails and the state law claims contained in Counts II through XXXVI should be dismissed for lack of subject matter jurisdiction. 28 USC §1367(c) (3).

Even if the FLSA federal law claim in Count I survives a Motion to Dismiss, this Court should decline to exercise supplemental jurisdiction over the state law claims in Counts II to XXXVI involving claims under laws of 21 different states. District courts with original jurisdiction may decline to exercise supplemental jurisdiction if the claim "raises a novel or complex question of state law" or "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 USC §1367 (c) (1) and (2).   Defendants submit the nature and volume of claims brought under the laws of 21 different states predominates over the FLSA claim and supplemental jurisdiction over Counts II to XXXVI should be declined even if the FLSA claim remains. 28 USC §1367 (c) (1) and (2).

Paragraph 54 of the Complaint also alleges diversity jurisdiction pursuant to 28 USC §1332(d) for the state law claims in Counts II to XXXIV.  To establish diversity jurisdiction under 28 USC §1332(d) Plaintiffs must allege that the amount in controversy exceeds $5,000,000 and involves a controversy between citizens of

different states. 28 USC §1332(d)(2). The Complaint fails to allege facts sufficient to establish diversity jurisdiction regarding Counts II to XXVI because Plaintiffs do not expressly allege the controversy meets the required dollar threshold ($5,000,000 for the class claim and $75,000 for the individual claims) and does not allege the "citizenship" of Plaintiffs. Allegations regarding Plaintiffs' "residency" are insufficient to establish diversity jurisdiction. See *Wilkins v. Stapleton,* Case No. 6:17-cv-1342-Orl-37GJK (M.D. Fla. Aug 1, 2017); *Calmes v. BW-PC, LLC,* 9:17-cv-80574-Rosenberg/Hopkins (S.D. Fla. Jan. 12, 2018) (dismissal for lack of jurisdiction when failed to establish $5,000,000 threshold). When subject matter jurisdiction is absent the court must dismiss. Rule 12(h)(3), Fed. R. Civ. P.

### G. Allegations regarding Breach of Contract/*Quantum Meruit*/Unjust Enrichment Fail to State a Cause of Action

Nine Named Plaintiffs brought class action state law claims for alleged breach of contract on behalf of themselves and others similarly situated in Counts VIII (Ducksworth/Mississippi), IX (Cable/Tennessee), XII (Cato/Louisiana), XIV (Allen /Michigan), XV (Brackins/Texas), XIX (Warren/Missouri), XXI (Worth/Georgia), XXII (Austin/Alabama), and XXV (Blanchard/Vermont). The foregoing Counts also raise alternatively *quantum meriut* and unjust enrichment claims. The elements of a breach of contract include existence of a contract; performance by the plaintiff; failure to perform the contract by the defendant; and damages to the plaintiff.

The foregoing Counts fail to sate a claim for relief. Each of these Counts allege only that a particular Plaintiff and the statewide class are due unpaid wages for "breach

of contract" for all the Defendants "failure to pay all wages for all work performed during the relevant time." Plaintiffs also claim that all Defendants "willfully breached the individual employment agreements with each member of the class for failure to pay the agreed upon wages." The alleged contracts are referred to as "individual employment agreements", but the allegations do not specify whether the contracts were written, verbal or implied, does not specify the terms of the alleged contract/agreement, and the above Counts and the paragraphs incorporated by reference do not specifically allege that the Plaintiff suffered damages due to any alleged breach of contract/agreement. These deficiencies make it impossible for Defendants to respond to these claims and result in the allegations being insufficient to state a claim for relief.

The unjust enrichment claims must be dismissed when included with breach of contract allegations, because an unjust enrichment claim can only exist if the subject matter of the claim is not covered by a valid contract.   Moreover, when a complaint alleges an express agreement, and reincorporates those allegations in the same count a claim for unjust enrichment, the unjust enrichment claim has not been properly pled in the alternative. *Pirowshki, Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1083 (S.D. Fla. 2019); see also *In re Managed Care Litigation,* 185 F. Supp. 2d 1310, 1337 (S.D. Fla. 2002) (unjust enrichment claim can exist only if the subject matter of that claim is not covered by a valid and enforceable contract). Here, the unjust enrichment claims are brought in the same Count as the breach of contract claims and the entire Count should be dismissed because it is an improper shotgun pleading.

**H. The Complaint is an Impermissible Shotgun Pleading**

The Complaint constitutes an impermissible shotgun pleading and must be dismissed. A shotgun pleading is defined by "the failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). Shotgun pleadings also are often characterized by factually unsupported claims and frequently fail to specify which defendant is responsible for each act alleged. *Beckwith*, 146 F. App'x at 372 (failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a shotgun pleading).   Shotgun pleadings make it virtually impossible to know which allegations of fact are intended to support which claims for relief.  See *Beckwith*, 146 F. App'x at 372; *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364,366 (11th Cir. 1996). As a result, shotgun pleadings impede the orderly, efficient, and economic disposition of disputes as well as the Court's overall ability to administer justice.  See *Byrne v. Nezhat*, 261 F.3d 1075, 1128-31 (11th Cir. 2001), abrogated on other grounds by *Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146 (11th Cir. 2011); *Ebrahimi v. Citv of Huntsville Bd. of Educ.,* 114 F.3d 162, 165 (11th Cir. 1997).

In the Eleventh Circuit, courts are wary of shotgun pleadings that fail to provide specific factual allegations for each defendant because they fail to provide sufficient notice under Rule 8 , Fed. R. Civ. P. The Eleventh Circuit has warned against at least four specific types of insufficient pleadings, two of which are present here:  1) the pleading fails to separate into different counts each cause of action or claim for relief

or, 2) when the pleading "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005).

In *Thompson v. Carnival Corp*, Case No. 20-22217-Civ-Williams/Torres (S.D. Fla. Sept. 11, 2020) the court found a shotgun pleading where plaintiff commingled some of her claims within the same counts, pleading at least two theories of negligence in one count.  The Court found that these claims should be asserted independently and with corresponding supporting factual allegations, noting "it is impermissible for a plaintiff to plead allegations pertaining to distinct theories of liability into one claim." *Id.*; see also Fed. Civ. P. 10(b) (requiring a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").

The breach of contract counts referenced above all contain claims for multiple (and conflicting) claims for relief that include not only breach of contract but claims for unjust enrichment and *quantum meriut*.  These independent claims must be pled in separate counts. See *Barr vs. One Touch Direct,* 8:15-cv-2391-T-33MAP (M.D. Fla. April 22, 2016) (dismissal of shotgun pleading when multiple claims brought in the same count and claims are brought against all five defendants without specificity).

Another form of shotgun pleading recognized by *Beckwith* is when the pleading "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the

claim is brought against." *See Dressler v. United States Department of Education*, No. 2:18-cv-311, 2019 U.S. Dist. LEXIS 55451 (M.D. Fla. April 1, 2019) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Ofc.*, 792 F.3d 1313, 1322-2, the Court struck down a Second Amended Complaint because it provided generic and general factual allegations as if they apply to all defendants. See also *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) *per curiam* (58-page shotgun complaint naming fourteen defendants in each count struck).

In the case at hand, this Court has already *sua sponte* struck down the original June 21 complaint as a shotgun pleading (doc 1, 19). The instant Complaint has lumped together all the Defendants in all 36 Counts and fails to allege a plausible factual basis for their claims sufficient to give Defendants notice of the alleged wrongful conduct - in short, such a shotgun pleading should not be allowed.

The Eleventh Circuit has instructed district courts to turn away shotgun pleadings as fatally defective.  See *B.L.E. ex rel. Jefferson v. Georgia*, 335 F. App'x 962, 963 (11th Cir. 2009).  To allow such a pleading would place an unjustifiable burden on the Court to take on the virtually impossible task of "ascertain[ing] what factual allegations correspond with each claim and which claim is directed at which defendant." *Beckwith*, 146 F. App'x at 373.  Indeed, district courts are not required to "sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted."  *Strategic Income Fund LLC v. Spear, Leeds, Kellogg*, 305 F. 3d 1293, 1296 n.9 (11th Cir. 2002).

Based on the foregoing the Complaint should be dismissed as an impermissible shotgun pleading, for failure to state a claim for relief, and/or for lack of subject matter jurisdiction.

## II.  RULE 12(e) DEFINITE STATEMENT

Defendants have been unable to prepare a response to Plaintiffs' 216-page Complaint because the allegations are vague and ambiguous. A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a) (2). If the claim "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," a party may move for a more definite statement. Fed. R. Civ. P. 12(e). The court will grant a motion for more definite statement where it is "virtually impossible" to determine which of a complaint's factual allegations support its claims. See *Anderson v. Dist. Bd. of Tr.*, 77 F.3d 364, 366-67 (11th Cir. 1996). The more definite statement should present the claims with clarity and precision, allowing the defendant to discern, and respond to, the claims.

A defendant faced with an unintelligible complaint "is not expected to frame a responsive pleading [but] is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement." *Anderson v. Dist. Bd. of Trustees of Cent. Fla Community College,* 77 F.3d 364, 365-66 (11th Cir. 1996). Experience teaches us that, "unless cases are pled clearly and precisely, issue are not joined, discovery is not controlled, the trial court's docket become unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Id*. at 367.

Accordingly, if this Court does not grant the Motion to Dismiss, then Defendants respectfully request that the Plaintiffs be required to plead a more definite statement as to each of the elements referred to above as to enterprise coverage, joint enterprise, joint employer and individual liability of corporate officers, as well as identify with particularity the specific Defendant(s) who is the alleged "employer' in each Count rather than making shotgun global allegations against all  Defendants in all the Counts.

## III. NOTICE OF COMPLIANCE - LOCAL RULE 3.01(g) DUTY TO CONFER

Counsel for Defendants notified counsel for Plaintiffs via telephone on October 8 that Defendants would challenge the sufficiency of the Complaint and believed the Complaint was a shotgun pleading.  Another discussion regarding the sufficiency of the Complaint was held between counsel via zoom on October 11, to discuss deficiencies in the Complaint perceived by Defendants. The parties were unable to agree on a resolution of all or part of the Motion. Plaintiffs oppose the Motion to Dismiss and the Motion for More Definite Statement.

## IV. REQUEST FOR RELIEF

WHEREFORE, Defendants request that this Honorable Court grant the Motion to Dismiss Amended Complaint (doc 57) or, alternatively, grant the Motion for More Definite Statement, requiring Plaintiffs to clarify:

a.      Which Defendant is each of the named Plaintiffs' employer.

b.      In what ways the Plaintiff handles or works on goods or materials used or produced for interstate commerce.

19

c.   How each Defendant is liable to the Plaintiff under the FLSA.

d.   Whether Plaintiff is advancing any theory to show how or why any of the five named Defendants belong in this lawsuit.

e.   How Vilano Employment Services, a payroll company, is a joint employer.

f.   Which individual defendant(s) is alleged to have day-to-day operational control or some direct supervisory responsibility over the Plaintiff and how.

g.   What job duties are performed by the Plaintiff, the hours of Plaintiff's work schedule, the name of the Plaintiff's supervisor, and any other relevant terms and conditions of the Plaintiff's alleged employment.

h.   Which Defendants are liable under each Count in the Complaint.

Respectfully submitted this 15th day of October 2021.

/s/ *Joann M. Bricker*
Florida Bar No. 338710
jbricker-employlaw@comcast.net

Joann M. Bricker, P.A.
135 Pelican Pointe Road
Ponte Vedra, Florida 32081
Telephone: (904) 342-2417

Attorney for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of Defendants' Motion to Dismiss the Amended Complaint or Alternatively Motion for More Definite Statement and Memorandum of Law in Support thereof  has been electronically filed with the Court on October 15, 2021, using the CM/ECF System which will send a notice of electronic filing to the attorneys for Plaintiffs: Derrek W. Cummings, Esq.,

Larry A. Weisberg, Esq., WEISBERG CUMMINGS, P.C., 2704 Commerce Drive, Suite B, Harrisburg, PA.   17110-9380 and Mark Hanson, Esq., GORDON & PARTNERS, P.A., 4114 Northlake Blvd., Palm Beach Gardens, FL.  33420

　/s/ Joann M. Bricker